J-S34023-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| Appellee | |
| v. | |
| DONNELL RIDDICK | |
| Appellant | No. 1253 MDA 2015 |

Appeal from the Order Entered June 18, 2015
In the Court of Common Pleas of Lackawanna County
Criminal Division at No: CP-35-CR-0000781-2005

BEFORE: PANELLA, STABILE, and JENKINS, JJ.

MEMORANDUM BY STABILE, J.:                       **FILED JUNE 22, 2016**

Appellant, Donnell Riddick, appeals *pro se* from the June 18, 2015 order denying his petition pursuant to the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S.A. §§ 9541-9546. We affirm.

On December 19, 2006, a jury found Appellant guilty of first-degree murder. On January 29, 2007, the trial court sentenced Appellant to life in prison without parole. This Court affirmed the Judgment of sentence on June 2, 2008. Subsequently, Appellant sought collateral relief in the form of a reinstatement of his rights to file a petition for allowance of appeal with our Supreme Court. The PCRA court granted relief, and our Supreme Court denied allowance of appeal on April 15, 2014. Appellant filed this timely PCRA petition on January 9, 2015. Appointed counsel filed a no merit letter and petition to withdraw pursuant to **Commonwealth v. Turner**, 544 A.2d

927 (Pa. 1988) and *Commonwealth v. Finley*, 550 A.2d 213 (Pa. Super. 1988) (*en banc*). On March 27, 2015, the PCRA court accepted Appellant's *pro se* amended PCRA petition, and appointed counsel filed another *Turner*/*Finley* letter on March 31, 2015. On June 18, 2015, the PCRA court filed the order on appeal dismissing Appellant's petition.

Appellant raises the following issues for our review:

1. Did the trial court apply the wrong standard of review in its review of claims (i) through (iv) of the [a]mended PCRA [p]etition and therefore, err in its decision to [d]ismiss the PCRA petition without an evidentiary hearing?

2. Did the trial court err in dismissing the [a]mended [p]etition finding that claims (v) through (viii) lacked merit?

3. Was court appointed PCRA counsel's performance below the below the [sic] standards of the American Bar Association, thereby denying the Appellant his Constitutional and Rule based right to an effective assistance of counsel?

Appellant's Brief at 6.

We review the PCRA court's order denying relief to determine whether the PCRA court committed an error of law and whether the record supports the PCRA court's factual findings. *Commonwealth v. Brandon*, 51 A.3d 231, 233 (Pa. Super. 2012). "In evaluating a PCRA court's decision, our scope of review is limited to the findings of the PCRA court and the evidence of record, viewed in the light most favorable to the prevailing party at the trial level." *Id.* (quoting *Commonwealth v. Burkett*, 5 A.3d 1260, 1267 (Pa. Super. 2010)).

First, Appellant argues the PCRA court reviewed four of Appellant's collateral claims under the wrong standard. Those four claims are as follows:

1. The Commonwealth committed prosecutorial misconduct at trial, where the Commonwealth deliberately and intentionally utilized perjured testimony by chief witness Barry Edwards, and trial counsel was ineffective in failing to object to said actions by the prosecution.

2. Where there was no constructive possession linking [Appellant] to firearm paraphernalia allegedly taken during a search by police from a car jointly [owned] by [Appellant] and a Latasha Stevens, counsel rendered ineffective [assistance] at trial in failing to object to the admission of said firearm paraphernalia on grounds that there existed no constructive possession linking Appellant to those crimes.

3. Trial counsel rendered ineffective assistance at trial where he abandoned [Appellant's] defense of actual innocence despite […] significant fingerprint evidence in the case supporting [Appellant's] claim of actual innocence, and where—inside of said abandonment—counsel relieved the prosecution of its heavy burden to establish [Appellant's] guilt beyond a reasonable doubt, such that [Appellant] should be afforded a new trial[.] Subsequently, appellate counsel was ineffective in failing to present and preserve this claim at all times during appellate counsel's representation of [Appellant].

4. Trial counsel rendered ineffective assistance in failing to object to the trial court's improper flight instruction.

PCRA Petition, 1/9/2015.

Appellant argues the PCRA court applied the wrong standard for reviewing claims of ineffective assistance of counsel. Our review of Appellant's brief, however, reveals that Appellant disagrees with the Commonwealth's answer to Appellant's petition and appointed counsel's *Turner*/*Finley* letter, both of which assert that the above-quoted claims are

previously litigated and or waived under § 9543(a)(3) of the PCRA. 42 Pa.C.S.A. § 9543(a)(3). The PCRA court applied the proper standard, which requires a petitioner to plead and prove (1) the underlying issue is of arguable merit; (2) counsel had no reasonable strategic basis for his action or inaction; and (3) but for counsel's error, the result of the underlying proceeding probably would have been different. ***Commonwealth v. Treiber***, 121 A.3d 435, 445 (Pa. 2015).

A brief review of each of Appellant's claims confirms that they are lacking in arguable merit. At trial, the Commonwealth presented the testimony of five eyewitnesses who confirmed that Appellant shot the victim, Robert Lewis after a barroom altercation. Appellant and the victim argued in the bar after the victim took Appellant's girlfriend's cell phone. The argument continued outside the bar, where Appellant fired three shots at the ground in front of the victim. As the victim fled, Appellant fired three more shots. One of those shots hit the victim in the upper back, killing him.

Appellant's first assertion of ineffective assistance is that counsel failed to object to the perjured testimony of Barry Edwards, one of the Commonwealth's witnesses. Prior to trial, Edwards gave a statement indicating that his initial statement to police was inaccurate. The record reveals defense counsel was aware of Edwards' changed statement, and challenged his credibility at trial. N.T. Trial, 12/15/06, at 9-12. Likewise, defense counsel examined Edwards on a plea agreement regarding pending

federal charges against Edwards. *Id.* at 26-27. Furthermore, as we noted, Edwards was but one of five eyewitnesses to the shooting. Appellant's first claim of ineffective assistance lacks arguable merit.

Appellant's second assertion of ineffective assistance is that counsel was ineffective for failing to challenge Appellant's constructive possession of the presumptive murder weapon, a Glock handgun retrieved from Appellant's car pursuant to a search warrant. We note that the evidence against Appellant was overwhelming even without the murder weapon. The record reveals that Appellant and his girlfriend, Letitia Stevens, jointly own the automobile in question. Stevens testified she had never driven the car and was never in the car in the days prior to the shooting. No evidence links Stevens with possession of a firearm. Appellant's second assertion of ineffective assistance lacks arguable merit.

Next, Appellant claims counsel was ineffective for abandoning a defense of Appellant's actual innocence. Instead, counsel pursued a self-defense theory. We have already explained that the Commonwealth produced overwhelming evidence that Appellant was the shooter. Thus, Appellant's actual innocence defense lacks arguable merit, and counsel acted reasonably in pursuing a self-defense theory instead.

Appellant's fourth assertion of ineffective assistance is that counsel failed to object to the trial court's jury instruction on flight evidencing consciousness of guilt. The record reveals that counsel did object to the jury

instruction. N.T. Trial, 12/18/2006 at 125. Appellant cannot obtain collateral relief on a previously litigated issue. 42 Pa.C.S.A. § 9545(a)(3).

Appellant's second argument pertains to his fifth through eighth assertions of counsel's ineffectiveness. He claims the PCRA court erred in finding these claims lack in merit. The claims in question, gleaned from Appellant's March 13, 2015 motion to amend his PCRA petition, are as follows:

5. Trial counsel was ineffective for failing to request a hearing to test the veracity of the statements made in the [a]ffidavit of [p]robable [c]ause incident to the search and seizure of [Appellant's] vehicle.

6. Trial counsel was ineffective for not establishing a different version of the events given there were witnesses who reported that Kendall Scott had, in fact, committed the homicide.

7. Trial counsel was ineffective for advising that [Appellant] not testify on his own behalf asserting the Commonwealth could then introduce evidence of prior bad acts. This advice was erroneous given [Appellant] had not committed prior bad acts that could be introduced. Additionally, appellate counsel was ineffective for failing to identify the claim and advance the claim on direct appeal.

8. Trial counsel was ineffective for failing to present the [d]efense's ballistics expert to testify given he refuted the testimony of the Commonwealth's ballistics expert witness.

*Pro Se* Motion to Amend Appellant's PCRA Petition, 3/13/2015, at 2-3.

Concerning Appellant's fifth assertion of ineffective assistance of counsel, Appellant acknowledges that counsel challenged the affidavit of probable cause in a motion to suppress. Appellant's *Pro Se* Brief at 17. Appellant does not identify any specific deficiency in counsel's litigation of

the motion to suppress. Appellant cannot obtain relief on a previously litigated issue, per § 9543(a)(3).

Next, Appellant argues counsel was ineffective for failing to establish a version of events different from that of the Commonwealth's multiple eyewitnesses. Appellant asserts that some unnamed witnesses would have testified that someone other than Appellant committed the murder.

> To prevail on a claim of ineffectiveness for failure to call a witness, the appellant must demonstrate that: (1) the witness existed; (2) the witness was available; (3) trial counsel was informed of the existence of the witness or should have known of the witness' existence; (4) the witness was prepared to cooperate and would have testified on appellant's behalf; and (5) the absence of the testimony prejudiced appellant.

*Commonwealth v. Malloy*, 856 A.2d 767, 782 (Pa. 2004). The PCRA Court rejected Appellant's claim because he failed to establish any of these five elements. Appellant does not elaborate on this claim in his brief. We discern no error in the PCRA court's rejection of this claim.

Appellant's seventh assertion of ineffective assistance is that trial counsel was ineffective in advising Appellant not to testify on his own behalf. Appellant claims counsel erroneously advised him that prior bad acts evidence could come in against him if he testified. Appellant further claims he has no prior bad acts that would have been admissible.

> The decision of whether or not to testify on one's own behalf is ultimately to be made by the defendant after full consultation with counsel. In order to sustain a claim that counsel was ineffective for failing to call the appellant to the stand, the appellant must demonstrate either that counsel interfered with his right to testify, or that counsel gave specific

advice so unreasonable as to vitiate a knowing and intelligent decision to testify on his own behalf.

*Commonwealth v. Uderra*, 706 A.2d 334, 340 (Pa. 1998) (citations omitted), *cert. denied*, 526 U.S. 1070 (1999).

In this case, the trial court permitted an adjournment so that Appellant could confer with counsel about his decision to testify. N.T., 12/18/2006, at 9-12. At the conclusion of their discussion, Appellant and counsel determined that Appellant would not testify. *Id.* Furthermore, as the PCRA court noted, Appellant has several prior *crimen falsi* convictions[1] that the prosecution could have used to impeach his credibility. See Pa.R.E. 609(a) ("For the purpose of attacking the credibility of any witness, evidence that the witness has been convicted of a crime, whether by verdict or by plea of guilty or *nolo contendere*, must be admitted if it involved dishonesty or false statement."). Thus, the record reflects a full consultation and no evidence that counsel's advice vitiated a knowing and intelligent decision on Appellant's part. This claim fails for lack of arguable merit.

Appellant's eighth assertion of ineffective assistance of counsel is that trial counsel failed to present a ballistics expert to refute the Commonwealth's ballistics expert. Appellant fails to argue this claim in his

---

[1] Appellant's brief offers no argument to support the claim that he had no prior convictions admissible to impeach him. Rather, he claims counsel should have advised him to testify given the shift in strategy from actual innocence to self-defense. Appellant's Brief at 17-18. Appellant fails to explain how his testimony would have aided a self-defense theory.

brief, and it fails for that reason alone. ***Commonwealth v. Hunzer***, 868 A.2d 498, 516 (Pa. Super. 2005) (explaining that issues not supported with legal argument are waived), *appeal denied*, 880 A.2d 1237 (Pa. 2005). In any event, the Commonwealth's ballistics expert simply testified that recovered casings were nine millimeter casings consistent with Glock firearms. The expert did not conclusively link the casings to the magazine recovered from Appellant's car. On cross-examination, defense counsel highlighted the lack of a conclusive link between the casings and Appellant's magazine, and highlighted the expert's statement that the casings also were consistent with certain Smith and Wesson firearms. We discern no arguable merit in Appellant's assertion that defense counsel should have called a defense expert to reinforce these points.

Finally, we address Appellant's claim that PCRA counsel was ineffective. Appellant raised this issue in his response to the PCRA court's notice of intent to dismiss, in accord with ***Commonwealth v. Pitts***, 981 A.2d 875, 879-80 (Pa. 2009). However, Appellant has failed to argue how PCRA counsel's performance was deficient under each of the three prongs of the ineffective assistance of counsel analysis. Failure to develop argument as to any one of the three prongs is fatal to the claim. ***Commonwealth v. Clayton***, 816 A.2d 217 (Pa. 2002). In any event, we have already concluded that none of Appellant's eight assertions of ineffective assistance merits relief.

In summary, we have concluded that all of Appellant's assertions of error lack merit. We therefore affirm the order dismissing his appeal.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 6/22/2016